IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARISSA SCIULLI**, | ) CIVIL ACTION NO. 16-1907 |
| Plaintiff, | ) |
| v. | ) |
| **GEICO GENERAL INSURANCE COMPANY**, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Conti, Chief United States District Judge.

This case arose out of a one-car accident in which plaintiff Marissa Sciulli ("Sciulli") hit a fire hydrant with her 2012 Nissan Rogue on November 1, 2014. She filed an insurance claim against defendant ("GEICO") for property damage of $17,982.16. GEICO allegedly denied the claim and sent Sciulli a Notice of Cancellation/Refusal to Renew letter.

Plaintiff filed a pro se complaint in the Allegheny County court of common pleas on November 1, 2016. She asserted claims for breach of contract and insurer bad faith and sought damages "in excess of the minimum jurisdictional limit"[1] plus costs, interest, attorney fees and punitive damages. On December 27, 2016, GEICO filed a notice of removal, asserting subject-matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C.§ 1332. Sciulli did not challenge removal.

---

[1] Pursuant to Allegheny County Local Rule 1301, the jurisdictional limit for arbitration is $35,000.

There is complete diversity of citizenship between the parties. At the time the lawsuit was removed, there was a good faith belief that the amount in controversy exceeded $75,000 because Sciulli could recover punitive damages under the Pennsylvania Bad Faith statute. *See, e.g., Hamm v. Allstate Prop. & Cas. Ins. Co.*, 908 F. Supp.2d 656, 663 (W.D. Pa. 2012) (exercising jurisdiction even though the property damage claim was about $20,000, because the insurance bad faith statute allows for recovery of punitive damages).

Sciulli eventually obtained counsel, who filed a motion to remand the case back to the Allegheny County court of common pleas. At a hearing on February 15, 2018, Sciulli's counsel agreed to voluntarily dismiss the insurance bad faith claim. On February 21, 2018, Sciulli filed a notice of withdrawal of the bad faith claim. (ECF No. 31). The only claim remaining in this case, therefore, is a state law breach of contract claim for approximately $18,000.

Pursuant to 28 U.S.C. § 1447(c): "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." It is clear that this case does not involve an amount in controversy in excess of $75,000. At the February 15, 2018 hearing, counsel for GEICO agreed that remand to the state court would be appropriate upon withdrawal of the bad faith claim. This case, therefore, shall be remanded to the Allegheny County court of common pleas forthwith.

An appropriate order will be entered.

February 26, 2018

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge